### DIBBLE & CANEDY *vs.* THE DEERFIELD RIVER CO.

May Term, 1897.

Present:  Ross, C. J., TAFT, ROWELL, TYLER, MUNSON and START, JJ.

*Confession and Avoidance—Replication by General Denial—V. S. 1151.*

A declaration, that the defendant promised to pay a specified sum for a quit claim deed of certain land of which the plaintiffs were in possession under color of title, and that the plaintiffs tendered the defendant such a deed, is sufficiently answered by a plea denying the plaintiffs' possession.

Such a declaration, with an additional allegation that the deed was accepted by the defendants, is not answered by a plea denying the acceptance only.

A replication by way of general denial to several pleas is bad at common law on special demurrer.

It is only to pleas in confession and avoidance that a general denial is permitted by way of replication under V. S. 1151.

A plea which admits one fact, but in a different sense from that in which it is alleged, and denies other material allegations, is not a plea in confession and avoidance.

SPECIAL ASSUMPSIT.  Special pleas in bar and a general replication.  Heard on special demurrer to the replication at the December Term, 1896, Bennington County, *Thompson*, J., presiding.  Demurrer overruled. Replication

adjudged sufficient and cause passed to the Supreme Court upon the defendant's exceptions before final judgment.

*Charles P. Chase*, (*Batchelder & Bates* with him) for the defendant.

At common law a general denial by way of replication is only allowed to pleas alleging matter of excuse. *Crogate's Case*, 8 Coke 66; I Smith, Lead. Cas. 151; *Lytle* v. *Lee*, 5 John. 113; *Marshall* v. *Aiken*, 25 Vt. 327. The rule is of practical use and should be retained. Neither of these pleas contains matter of excuse.

But if this be not so, the replication is bad as attempting to raise two material issues of fact to the same plea either one of which would be a good answer.

*Henry A. Harman* for the plaintiff.

The special demurrer to the replication reaches, as a general demurrer, to the plea which denies an acceptance of the deed, and that plea must be held insufficient for substance.

At common law the replication could deny only one material fact alleged in the plea; but the intent of V. S. 1151 was to change the rule in this respect so as to enable the plaintiff to tender a general issue to the plea, as the defendant might to the declaration. *Austin* v. *Chittenden*, 32 Vt. 168.

If it be objected that the statute applies only to pleas in confession and avoidance, the answer is that such of these pleas as are in confession and avoidance are the only ones which required a replication, the other pleas amounting to the general issue and being for that reason bad.

MUNSON, J.  It is alleged in both special counts that the plaintiffs were possessed of a certain parcel of land under color of title derived from a certain warranty deed, and that in consideration of their undertaking to execute to the defendant a quit claim deed conveying all their right, title, interest and estate in and to said parcel, and to forward the

same to the Wilmington Savings Bank for the defendant, the defendant undertook to accept said deed and pay a specified sum for such right, title, interest and estate; and that the plaintiffs did execute such a deed and deliver the same as required, and that the defendant with knowledge of these facts took possession of said land. In the first count it is alleged that the defendant would not accept the deed, nor pay for the interest conveyed. In the second count an acceptance of the deed is alleged, and the assignment of the breach is confined to the non-payment.

In the first plea to the first special count, it is alleged that the plaintiffs were not possessed of said parcel, and that although the defendant took possession of it, it did so under another deed conveying an adverse interest. In the second plea to the same count, it is alleged that the plaintiffs had neither possession, nor right, title, interest or estate. The first plea to the second special count alleges that the defendant did not accept the deed. The second and third pleas to that count are substantially the same as the pleas to the first count, with a further allegation denying that the defendant took possession of the deed.

The replication is to all these pleas, and is that the plaintiffs "deny each and every material fact so by the said defendant pleaded as aforesaid." The replication is demurred to; the causes specially assigned being its failure to deny and put in issue any single and material fact stated in the plea, and its duplicity in putting in issue two and more several and distinct matters.

Both counts disclose a cause of action. They show that the defendant agreed to pay a specified sum for a quit claim deed of certain land of which the plaintiffs were in possession under the color of title afforded by a warranty deed, and that the plaintiffs executed and delivered a quit claim deed of all their right, title, interest and estate, in and unto said land.

Both pleas to the first special count, and the second and

third pleas to the second special count, are good in substance. They allege that the plaintiffs were not in possession of the land described in the deed tendered. If this was true the tender of the deed did not fulfill the plaintiffs' agreement, and the defendant was not bound to accept it. The plaintiffs undertook to give a quit claim deed of land of which they had not only obtained a warranty deed, but of which they were in possession. Their possession of the land was a material element of what they undertook to convey. That possession might give value to the quit claim, even though the previous warranty was worthless.

The first plea to the second special count is bad. The denial of an acceptance of the deed does not answer the count. The defendant was liable if the plaintiffs had tendered a deed which the defendant was bound to accept.

It is clear that the replication is bad at common law and we do not understand counsel to claim the contrary. V. S. 1151 permits a general denial only as against matters pleaded in confession and avoidance. So if these pleas are held to be not of that character, the insufficiency of the replication is established. None of the pleas admit the facts alleged and avoid their effect by the introduction of new matter. All the pleas held good deny the possession of the plaintiffs; and the allegation of some of the pleas that although the defendant took possession of the land, it did so under another deed conveying an adverse interest, does not admit a taking of possession in the sense charged. The pleas not being in confession and avoidance, the replication is clearly insufficient.

> *Judgment reversed, demurrer sustained, judgment that the replication and third plea are insufficient, and that the first, second, fourth and fifth pleas are sufficient, and cause remanded without costs to either party.*